UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Boardwell, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> Monexaba.vip, a general partnership, Ron Wilson, and John Does 1 – 20, <br><br> *Defendants*. | Case No. 1:25-cv-01190 <br><br> **Complaint** |

Plaintiff Boardwell, LLC ("Plaintiff" or "Boardwell") hereby sues Monexaba.vip, Ron Wilson, and John Does 1 – 20 (collectively, the "Defendants"). In support, Plaintiff alleges as follows.

I.  **Preliminary Statement**

1. Our country is in the midst of a crypto-fraud crisis. Foreign criminal organizations have stolen billions of dollars from hardworking Americans in what are known as "pig-butchering" scams—and are continuing to do so even as we speak.

2. Pig-butchering scams vary in their particulars, but in outline they are all the same. The scammers begin by initiating contact with and building trust with the victim, using diabolical psychological techniques to lower their target's defenses. They then convince the victim to "invest" using a realistic-looking online

- 1 -

cryptocurrency-trading platform. The victim deposits money and, over time, profits appear to grow. But, when the victim tries to withdraw, various issues emerge. The scammers demand more money in 'taxes' or 'fees' to 'unlock' the victim's account. Desperate for their money back, victims often comply. When it finally becomes clear that the whole enterprise is a sham, it is too late. The scammers disappear with victim's money, and cut off contact.

3. Tens of thousands of hardworking Americans have lost their life savings to these scams. Recent literature indicates that pig-butchering organizations have stolen more than $75 billion from victims worldwide since 2020. In the United States alone, victims reported losses of $2.6 billion to pig butchering and other crypto scams in 2022—more than double the amount reported the previous year.

4. Boardwell brings this action to recover for a victim of one such scam ("Victim"), who has assigned her claim to Boardwell. The Defendants tricked Victim into investing on a platform that turned out to be a scam, and in so doing stole more than $633,000 of her savings. Victim has now been "slaughtered," in the scammers' parlance, and her money spirited away to foreign bank accounts and crypto wallets.

5. This action and coordination with law enforcement are Boardwell's only hopes for recovery. In this suit, Boardwell seeks the return of the assets stolen from Victim and additional damages and equitable relief described below.

**II.     Parties**

6.     Plaintiff Boardwell, LLC is a Texas limited liability company. Its registered address is 5900 Balcones Drive, Suite 100, Austin, Texas, 78731.

7.     Monexaba.vip is a fraudulent cryptocurrency-investment platform operating as a general partnership. Its headquarters and situs of organization (if any), are presently unknown.

8.     Ron Wilson is an individual who claims to be a permanent resident of the United States but originally from Dubai. His present whereabouts are unknown.

9.     Defendants John Doe 1 – 20 are as-yet unidentified individuals, business entities, and/or unincorporated associations. These persons are monexaba.vip's and Wilson's co-conspirators.

**III.    Jurisdiction & Venue**

10.    This is an action under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Accordingly, this Court has federal-question jurisdiction.

11.    Each of the Defendants are subject to the personal jurisdiction of this Court because they direct business activities towards and conduct business with consumers throughout the United States, including within the State of Texas and this district through at least one fraudulent website and mobile application accessible from Texas. Alternatively, the Defendants are subject to personal jurisdiction in this district because (i) they are not subject to jurisdiction in any

state's court of general jurisdiction and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c)(2), because a substantial part of the events and omissions giving rise to the claim occurred in this district. The Victim, who later assigned her claims to Plaintiff Boardwell, LLC, is a resident of this district and engaged in the interactions and transactions described herein from this district.

### IV. Standing

13. Plaintiff Boardwell, LLC has standing to bring this action as it is the Assignee of all of Victim's accrued causes of action against Defendants.

### V. Allegations

14. In November 2024, Victim met a person claiming to be named Ron Wilson on a dating website. The two struck up a connection and began messaging regularly.

15. Wilson eventually told Victim about his success investing and trading cryptocurrencies, and introduced Victim to a platform called monexaba.vip. Wilson told Victim that he knew how to make profits trading gold futures (aka "XAU scalping") using monexaba.vip and offered to teach her how to do the same. He encouraged Victim to make a monexaba.vip account, which she soon did.

16. Over the next several months, Wilson 'trained' Victim in cryptocurrency trading using the monexaba.vip platform. When Victim was ready to make a deposit on monexaba.vip, the platform provided her with asset-transfer

instructions via the platform's customer-service chat or on its "deposit" page. Victim completed the transactions as instructed. Each time, the amount of the funds she 'deposited' would then be reflected in her transaction history and account balance on the monexaba.vip platform. Over time, she sent assets to monexaba.vip with a dollar-denomiated value of more than $633,000.00.

17. On one occasion, Wilson *sua sponte* 'deposited' about $1,000,000.00 in crypto into Victim's account, and this amount was also reflected in her transaction history and account balance on the monexaba.vip platform.

18. Victim's balance on the monexaba.vip platform appeared to grow rapidly—eventually showing that she had crypto assets worth more than $1.8 million in her account. But when she attempted to withdraw her funds, monexaba.vip informed her that she would have to pay various "fees" in order to have her assets released. Victim soon realized that she had been scammed.

19. The monexaba.vip platform was never a "trading platform" of any sort. It was a simulacrum of a trading platform where no actual trading or investment ever occurred. The account balances, the purported profits, and the transaction history displayed were real only in the sense that they reflected the monies Victim sent to the Defendants. And this was simply to ensure that the platform appeared to be functioning. The assets Victim transferred to the Defendants were never 'deposited' on monexaba.vip. They were never used for investment or trading. They were simply stolen.

20. Victim was not the only victim of the monexaba.vip scam. On infomration and belief, at least dozens of other persons were scammed by the Defendants in a period extending over one year.

## VI.  Causes of Action

21. Boardwell brings the following causes of action against the Defendants. The allegations set out above are incorporated into each of the causes of action that follow as if fully restated therein.

**Count One**
**Racketeering in Violation of 18 U.S.C. § 1962(c)**
**Against All Defendants**

22. Monexaba.vip, Ron Wilson, and John Does 1 – 20 (collectively, the "Defendants") constituted an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c), in that they are a group of individuals and legal entities associated in fact. Their enterprise is referred to herein as the "Monexaba.vip Enterprise."

23. The Monexaba.vip Enterprise engaged in numerous acts of wire fraud in violation of 18 U.S.C. § 1343, as described in paragraphs 14 – 20, *supra*. They did so using the Monexaba.vip website and its corresponding mobile app, WhatsApp, and other forms of digital communication with Victim and others. Victim relied on the Defendants' fraudulent statements to her detriment.

24. The Defendants shared the common purpose of defrauding and stealing from Victim and other victims and thereby converting and exercising dominion over their assets.

25. The Defendants are each a "person" within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c). Each of them individually conducted, participated in, engaged in, and operated and managed the affairs of the Monexaba.vip Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c). Said pattern of racketeering activity consisted of, but was not limited to, the acts of wire fraud described above.

26. All the acts of racketeering activity described above were related so as to establish a pattern of racketeering activity within the meaning of 18 U.S.C. § 1962(c). The Defendants' common purpose was to defraud Victim and other victims and convert and exercise dominion and control over those victims' assets. Each Defendant, directly or indirectly, participated in all of the acts and employed the same or similar methods of commission.

27. The Monexaba.vip Enterprise was of sufficient longevity for its members to carry out their purposes on a large scale. All of the acts of racketeering described above, were continuous so as to form a pattern of racketeering activity in that the Defendants have engaged in the predicate acts for a substantial period of time exceeding eight months. On information and belief, the Monexaba.vip Enterprise successfully defrauded at least dozens of persons and converted millions of dollars worth of its victims' assets, including Victim's. To the extent the Monexaba.vip Enterprise's activities have ceased or cease while this litigation is pending, these acts posed threat of indefinite duration at the time they were

committed and will have stopped only because they were fortuitously interrupted by events beyond the Defendants' control.

28.     As a direct and proximate result of, and by reason of, the activities of the Defendants and their conduct in violation of 18 U.S.C. § 1962(c), Victim, and Boardwell through the assignment of Victim's claims, were injured in their business and property within the meaning of 18 U.S.C. § 1964(c). The Defendants stole Victim's savings and thereby caused her to suffer deprivations and extreme mental and emotional distress. Boardwell is, therefore, entitled to recover threefold the damages sustained together with the cost of the suit, including costs, reasonable attorneys' fees and reasonable experts' fees.

### Count II
### Conversion
### Against All Defendants

29.     As more fully alleged above, the Defendants misappropriated Victim's assets.

30.     The Defendants converted Victim's assets to their own use or the use of others not entitled to them. They have exercised dominion and control over those assets to Victim's exclusion and detriment.

31.     Victim, and Boardwell through victim's assignment of claims, have suffered damages as a direct and proximate result of Defendants' conversion.

### Count III
### Fraud
### Against All Defendants

32. To prevail on a fraud claim, a plaintiff must show that the defendant made (1) a false representation, (2) of a matter of material fact, (3) with knowledge of its falsity, (4) for the purpose of inducing action thereon, and (5) that the plaintiff relied upon the representation as true and acted upon it to his or her damage.

33. As alleged above, the Defendants made numerous false representations to Victim, including that theirs was a legitimate trading platform through which Victim might make a return on his assets. They did so with knowledge of the falsity of these statements and with actual intent to induce Victim to rely on their statements to his detriment, which she did.

**VII.  Relief Sought**

34. Boardwell requests that judgment be entered against each of the Defendants on each of the causes of action set out above. Boardwell seeks relief as follows:

   a. Imposition of a constructive trust over Victim's stolen assets and return of those assets to Boardwell's possession;

   b. Monetary damages;

   c. Statutory trebled damages pursuant to 18 U.S.C. § 1964(c);

   d. Punitive damages;

   e. Costs, including reasonable attorneys' fees under 18 U.S.C. § 1964(c);

   f. Pre- and post-judgment interest;

    g. Injunctive and equitable relief insofar as required to preserve assets for recovery, halt the Defendants' unlawful acts, and otherwise enable the exercise of the Court's powers and effecutate its orders;

    h. Other relief as the Court deems just and proper.

## VIII. Jury Demand

35. Plaintiff demands a jury trial on all claims so triable.

Dated:  July 30, 2025                              Respectfully submitted,

                                                   THE HODA LAW FIRM, PLLC

                                                   /s/ Marshal J. Hoda

                                                   _____
                                                   Marshal J. Hoda, Esq.
                                                   Tx. Bar No. 2411009
                                                   12333 Sowden Road, Suite B
                                                   PMB 51811
                                                   Houston, TX 77080
                                                   o. (832) 848-0036
                                                   marshal@thehodalawfirm.com

                                                   FOSTER YARBOROUGH PLLC

                                                   /s/ Patrick Yarborough

                                                   _____
                                                   Patrick Yarborough, Esq.
                                                   Tx. Bar No. 24084129
                                                   440 Louisiana, Ste. 1800
                                                   Houston, TX 77002
                                                   o. (713) 331-5254
                                                   patrick@fosteryarborough.com

                                                   *Attorneys for Plaintiff*