UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Boardwell, LLC,  §  <br>    *Plaintiff,*   § <br>                       § <br> v.                   § <br>                       § <br> Monexaba.vip, *et al.*,   § <br>    *Defendants.*   § | Case No. 1:25-CV-01190-ADA |

**ORDER**

Before the Court is Plaintiff's Motion for *Ex Parte* Temporary Restraining Order & Order Authorizing Expedited Discovery. Dkt. 2. For the reasons below, the Court finds that Plaintiff's motion should be denied without prejudice.

Plaintiff filed this action to recover assets for a victim of a cryptocurrency scam. Dkt. 1, at ¶ 4. Plaintiff alleges that Defendants tricked the victim into "investing on a platform that turned out to be a scam, and in so doing stole more than $633,000 of her savings." *Id.* Plaintiff has engaged a blockchain investigator who traced the victim's assets to accounts controlled by Defendants at two cryptocurrency exchanges. Dkt. 2, at 1–2. In the instant motion, Plaintiff asks the Court to issue an *ex parte* temporary restraining order freezing Defendants' assets and authorizing Plaintiff to issue subpoenas to various third parties seeking information about Defendants and their activities. Dkt. 2, at 2.

The Court has the authority to issue a temporary restraining order without notice to the adverse party or its attorney only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or

1

damage will result to the movant before the adverse party can be heard in opposition; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)-(B). "Temporary restraining orders are extraordinary relief and rarely issued." *Greer's Ranch Cafe v. Guzman*, 540 F. Supp. 3d 638, 644 (N.D. Tex. 2021) (quotation marks and citation omitted).

The Court finds that Plaintiff has not provided *specific facts* in an affidavit or verified complaint that clearly show the likelihood of immediate and irreparable injury. Plaintiff's complaint is not verified, so the allegations therein do not satisfy this standard. Plaintiff has provided two affidavits, but neither of them contains sufficient detail. The first affidavit, from a blockchain investigator, includes specific facts about the flow of Plaintiff's funds and the risk of transfer, but it merely provides a high-level description of the scam at issue here. Dkt. 2-1, at 3, 5. The second affidavit, from one of Plaintiff's attorneys, verifies the facts in Plaintiff's motion, but it does not verify the facts in Plaintiff's complaint. Dkt. 2-2.

Because Plaintiff has not satisfied the requirements of Rule 65(b)(1)(A)-(B), **IT IS ORDERED** that Plaintiff's motion, Dkt. 2, is **DENIED WITHOUT PREJUDICE**. Plaintiff is permitted to file a verified complaint or affidavit to shore up the deficiencies outlined herein.

**SIGNED** on August 1, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE